IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT A. CONDON,**

    **Petitioner,**

    v.                                       CASE NO. 19-3192-JWL

**CAROLINE HORTON, Colonel,
Commandant, U.S. Disciplinary Barracks,[1]**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Petitioner challenges his 2014 conviction by general court-martial. Because the military courts fully and fairly reviewed all of Petitioner's claims, the petition for habeas corpus must be denied.

## I. FACTUAL BACKGROUND

Petitioner, a former active duty member of the United States Air Force, was tried by general court-martial at Hurlburt Field, Florida. Contrary to his pleas, Petitioner was found guilty of:

> dereliction of duty, rape by fear of grievous bodily harm, sexual assault of a second victim based upon her inability to consent due to alcohol consumption, stalking, forcible sodomy, assault consummated by a battery, false imprisonment, and obstruction of justice, in violation of Articles 92, 120, 120a, 125, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 920a, 925, 928, 934.

*United States v. Condon*, No. ACM 38765, 2017 WL 1325643, at *1 (A.F. Ct. Crim. App. March 10, 2017). Petitioner was sentenced to a dishonorable discharge, confinement for 30

---

[1] Petitioner originally named Marne Sutton, Garrison Commander Colonel, as the Respondent. Petitioner filed a Motion to Amend (Doc. 12), seeking to substitute the correct respondent. The unopposed motion is granted and Colonel Caroline Horton, Commandant, U.S. Disciplinary Barracks, is substituted as the proper Respondent.

years, forfeiture of all pay and allowances, and reduction to the grade of E-1. *Id*. "The convening authority approved the sentence as adjudged." *Id*.

On February 22, 2016, Petitioner submitted an Assignment of Errors brief to the United States Air Force Court of Criminal Appeals ("AFCCA"). (Doc. 10–1.) Petitioner raised nineteen issues, including: "X. APPELLANT WAS DENIED A SPEEDY TRIAL IN VIOLATION OF THE FIFTH AMENDMENT AND UCMJ ART. 10, AND THE MILITARY JUDGE ABUSED HIS DISCRETION IN FAILING TO DISMISS THE CHARGES." *Id*. at 5–6.

On March 10, 2017, the AFCCA affirmed Petitioner's sentence and found that the findings and sentence in Petitioner's court-martial were correct in law and fact, and that no error materially prejudicial to the substantial rights of Petitioner occurred. *United States v. Condon*, 2017 WL 1325643, at *28.

Petitioner appealed to the United States Court of Appeals for the Armed Forces ("CAAF"). (Doc. 10–10.) In addition to granting review of a separate matter, the CAAF specified an additional issue to determine whether the military judge erred in admitting part of a recorded statement in which Petitioner invoked his right to counsel. *United States v. Condon*, No. 17-0392, 77 M.J. 244, 245 (C.A.A.F. March 1, 2018). The CAAF held that Petitioner "was not prejudiced by the admission of his invocation at trial" and affirmed the decision of the AFCCA. *Id*.

Petitioner's petition for writ of certiorari to the United States Court of Appeals for the Armed Forces was denied on October 1, 2018. *See Condon v. United States*, No. 17-9077, 139 S. Ct. 110, 202 L. Ed. 2d 69 (2018).

On September 30, 2019, Petitioner filed the instant petition under 28 U.S.C. § 2241 (Doc. 1). On that same date, Petitioner also filed a habeas petition in the Northern District of

Florida. *See Condon v. Sutten*, No. 3:19cv3613-RV-CAS, 2019 WL 6898933 (N.D. Fla. Dec. 4, 2019). The Magistrate Judge entered a Report and Recommendation finding that the petition, if construed as a motion under § 2255 was not properly before the sentencing court, and if construed as a petition under § 2241, was not properly brought in the district of confinement. *Id*. The Report and Recommendation was adopted by the district court and the matter is currently on appeal. *See Condon v. Sutten*, 2019 WL 6894473 (N.D. Fla. Dec. 18, 2019) (noting that on the same date, Petitioner filed a "substantially similar motion challenging his conviction in the District of Kansas"); *Condon v. Sutten*, Case No. 20-10257 (11th Cir.) (on appeal).

On October 1, 2019, Petitioner filed in this Court a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" which was docketed as a supplement to his habeas petition. (Doc. 4.) The district court in Florida noted that this "supplement" is "virtually identical to his amended motion" in the Florida case. *Condon v. Sutten*, 2019 WL 6894473 (N.D. Fla. Dec. 18, 2019).

Petitioner raises the following grounds for relief in his petition pending before this Court:
1) His pretrial confinement was unnecessary in general and specifically wrongful when he was confined hundreds of miles from his lawyers and made worse when Petitioner was placed in solitary confinement for 79 days;
2) Petitioner was denied his right under the Fifth Amendment when the prosecution intentionally played a recorded interview in which Petitioner clearly requested that the interview stop and that he be afforded his right to legal counsel.
3) Petitioner's rights were violated when the court repeatedly ignored his demands that the matter come on for a trial.

*See* Doc. 4, at 3–6. Petitioner asks this Court to reverse his conviction and enter judgment of acquittal, or at a minimum, remand for a new trial. *Id*. at 11.

## II. STANDARD OF REVIEW

A federal court may grant habeas corpus relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). However, the Court's review of court-martial proceedings is very limited. *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010). The Supreme Court has explained that "[m]ilitary law, like state law, is a jurisprudence which exists separate from the law which governs in our federal judicial establishment," and "Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights." *Nixon v. Ledwith*, 635 F. App'x 560, 563 (10th Cir. Jan. 6, 2016) (unpublished) (quoting *Burns v. Wilson*, 346 U.S. 137, 140 (1953)). "[W]hen a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Thomas*, 625 F.2d at 670 (quoting *Burns*, 346 U.S. at 142). Instead, it is the limited function of the civil courts "to determine whether the military have given fair consideration to each of the petitioner's claims." *Id*. (citing *Burns*, 346 U.S. at 145).

Any claims that were not presented to the military courts are deemed waived. *Id*. (citing *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003)). For those claims presented to the military courts, this Court must determine whether those courts "fully and fairly reviewed" each claim. *Id*. If a claim was presented but not given full and fair consideration, then "the scope of review by the federal civil court expand[s]." *Id*. (citing *Lips v. Commandant*, 997 F.2d 808, 811 (10th Cir. 1993)).

The Tenth Circuit has set forth the following four-part test to aid in determining whether the claims were fully and fairly considered:

> To assess the fairness of the consideration, our review of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.

*Squire v. Ledwith*, 674 F. App'x 823, 826 (10th Cir. 2017) (unpublished) (quoting Thomas, 625 F.3d at 670–71 (citing *Dodson v. Zelez*, 917 F.2d 1250, 1252–53 (10th Cir. 1990)). The test "develops our understanding of full and fair consideration" to determine "whether the federal court may reach the merits of the case." *Squire*, 674 F. App'x at 827 (citing *Roberts*, 321 F.3d at 997). "While we continue to apply this four-part test, [we] have emphasized the fourth consideration as the most important." *Squire*, 674 F. App'x at 826 (quoting *Thomas*, 625 F.3d at 671).

"An issue has been given full and fair consideration when it has been briefed and argued at the military court, even if that court summarily disposed of the issue." *Williams v. Ledwith*, 671 F. App'x 719, 721 (10th Cir. 2016) (unpublished) (citing *Roberts*, 321 F.3d at 997; *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986)); *see also Squire*, 674 F. App'x at 826 ("Even a military court's summary disposition of a claim can show adequate consideration of the issues involved."); *Burke v. Nelson*, 684 F. App'x 676, 680 (10th Cir. 2017) (unpublished) (citing Watson, 782 F.2d at 145) ("[W]hen it comes to court-martial rulings on constitutional claims, our review is sharply limited: so long as the claim was briefed and argued before a military court, we must deny the claim.").

The petitioner has the burden to show that a military review was "legally inadequate" to resolve his claims. *Williams*, 671 F. App'x at 721 (citing *Watson*, 782 F2d at 144 (quotation omitted)).

## III. ANALYSIS

### A. Ground One: Pretrial Confinement

Respondent argues that Petitioner has waived his arguments regarding pretrial confinement because he failed to raise the arguments in the military courts. The Court need not address whether or not this arguably unexhausted claim creates a mixed petition, because Petitioner acknowledges in his Traverse (Doc. 15) that although he separated his grounds into two categories, they should be combined into one ground. Petitioner acknowledges that the first ground—the conditions of his confinement—was not addressed separately in any of the military courts, but "they tie into the delay in the trial of his case." (Doc. 15, at 2.) Petitioner argues that his pretrial confinement is a factor in considering prejudice due to the delay in bringing his case to trial. Therefore, the Court need not consider Petitioner's pretrial confinement as a ground for relief separate from his ground based on the denial of his right to a speedy trial.

### B. Ground Two: Interview Video

Petitioner argues that his Fifth Amendment rights were violated when the prosecution intentionally played an unredacted, recorded interview in which Petitioner clearly requested that the interview stop and that he be afforded his right to legal counsel.

The CAAF specified this issue for consideration on appeal and provided both sides opportunities to submit written briefs. (Doc. 10–12, at 1–2.) The CAAF stated the issue as: "WHETHER THE MILITARY JUDGE ERRED IN ADMITTING APPELLANT'S INVOCATION OF HIS RIGHT TO COUNSEL IN HIS AFOSI INTERVIEW AT TRIAL

OVER DEFENSE OBJECTION, AND, IF SO, WHETHER THAT ERROR WAS HARMLESS BEYOND A REASONABLE DOUBT." *Id.* Both sides submitted written briefs and conducted oral argument before the court. (Doc. 10–13, at 31–41; Doc. 10–14, at 33–53; Doc. 10–15, at 9–20.)

The CAAF published an opinion on March 1, 2018, with a full written analysis of the issue. *Condon*, 77 M.J. at 245–247. The CAAF's opinion sets forth the facts surrounding Petitioner's interrogation and invocation of his right to counsel, the military judge's denial of a defense motion to suppress, the introduction of the videotape of the interrogation, and the military judge's instruction regarding the videotape. *Id*. at 246. The CAAF then reviewed de novo the claim of an improper reference to an accused's invocation of his constitutional rights. *Id*.

In affirming the decision of the AFCCA, the CAAF held that:

> "A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012). Where, as here, the alleged error is of constitutional dimensions, we must conclude beyond a reasonable doubt that it was harmless before we can affirm. *United States v. Jerkins*, 77 M.J. 225, 228–29, 2018 WL 801635 (C.A.A.F. 2018).
>
> To conclude that such an error is harmless beyond a reasonable doubt, we must be convinced that the error did not contribute to the verdict. *United States v. Chisum*, 77 M.J. 176, 179 (C.A.A.F. 2018). That an error did not contribute to the verdict is "not, of course to say that the jury was totally unaware of that feature of the trial later held to have been erroneous. It is, rather, to find that error unimportant in relation to everything else the [panel] considered on the issue in question, as revealed in the record." *Moran*, 65 M.J. at 187 (internal quotation marks omitted) (citation omitted). In Appellant's case, we need not determine whether the admission of his invocation was error because we conclude he suffered no prejudice as a result—that is, even if the members were aware of the invocation later, the inclusion of it was "unimportant

in relation to everything else the [panel] considered" in the case. *Id.* (internal quotation marks omitted) (citation omitted). As part of our analysis, we first consider whether the effect of the included invocation "was dampened by the minor part [it] played" in Appellant's trial. *Id.*; *see also United States v. Sidwell*, 51 M.J. 262, 265 (C.A.A.F. 1999) (holding that the government's witness's brief mention of the appellant's invocation of rights "was an isolated reference" which was harmless beyond a reasonable doubt in the context of the entire record). The Government introduced the interrogation tape on the second day of Appellant's six-day trial. The record reveals no other mention of the invocation by the military judge or the parties for the remaining four days of the trial. We conclude, therefore, that the invocation issue played a minor role in Appellant's court-martial.

Second, the members did not see Appellant's invocation in a vacuum. Having just heard the military judge's instruction not to make an adverse inference from Appellant's invocation, the members heard Appellant's invocation followed by his continuing proclamations of his innocence throughout the interrogation. The record presents no evidence to rebut the presumption that the members followed the military judge's instructions. *See United States v. Taylor*, 53 M.J. 195, 198 (C.A.A.F. 2000).

Finally, the Government had a strong case against Appellant. *See Moran*, 65 M.J. at 187–88 (holding that the government's comment on the appellant's invocation of rights did not contribute to the appellant's conviction due to the strength of the government's evidence). A1C ML testified at Appellant's court-martial, explaining her persistence in trying to leave Appellant's home and her attempts to ward him off physically. During his interrogation with AFOSI, Appellant revealed that on the night of the assault, he did not want A1C ML to leave his home, despite her repeatedly stated desire to leave. And the AFOSI agents interrogating Appellant a few days after the assault noticed that he had scratches on his forearms, where A1C ML testified she scratched Appellant in self-defense. Furthermore, DNA taken from underneath A1C ML's fingernails matched Appellant, and DNA swabs from the red mark on A1C ML's shoulder revealed Appellant's saliva, supporting her assertion that he bit her there during the assault.

In defense counsel's own words, Appellant's invocation comprised a "very narrow portion" of the AFOSI interrogation video. Considering the length of the trial; the military judge's preemptive instructions to the members regarding Appellant's invocation; the

> brevity of the invocation; the absence of any other mention, by anyone, of the invocation throughout the remaining four days of the court-martial; and the strength of the Government's case against Appellant, we conclude there is no reasonable probability the admission of Appellant's invocation contributed to the verdict. Therefore, we hold that Appellant suffered no prejudice by the admission of his invocation of his right to counsel.

*Id*. at 246–47.

The Court finds that Ground Two was fully and fairly considered by the military courts. The CAAF did a comprehensive review of the issue and provided detailed reasoning for its decision.

### C. Ground Three: Speedy Trial

The speedy trial issue was also addressed in Petitioner's appeal. Petitioner alleged a speedy trial violation in his written Assignments of Error before the AFCCA. (Doc. 10–1, at 51–56.) Petitioner raised the same issues that he argues in his Traverse (Doc. 15) regarding the loss of memory by a witness due to the passage of time and the loss of evidence. (Doc. 10–8, at 6–9.) The Government in turn fully briefed the issue. (Doc. 10–2, at 91–103.)

The AFCCA issued a written opinion finding that "[a]fter considering all 15 issues personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find 12 of those issues require no additional analysis or warrant relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)." *United States v. Condon*, 2017 WL 1325643, at *1. The AFCCA then set forth the twelve issues in a footnote, which included: "5. Whether Appellant was denied a speedy trial in violation of the Fifth Amendment and Article 10, UCMJ." *Id*. at n.3.

The Court finds that the military courts fully and fairly considered Petitioner's speedy trial claims raised in Ground Three. The issue was fully briefed before the AFCCA, and the

AFCCA's order states that it considered the speedy trial issue and found that it did not require additional analysis or warrant relief. Although the AFCCA summarily denied relief without discussion, the military court is not required to issue a detailed opinion in order to conclude that they fully and fairly reviewed a claim. *See Watson*, 782 F.2d at 145 ("When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion.") (citation omitted); *Thomas*, 625 F.3d at 671 ("The Tenth Circuit has consistently held full and fair consideration does not require a detailed opinion by the military court."); *Roberts*, 321 F.3d at 997 ("We have held that where an issue is adequately briefed and argued before the military courts the issue has been given fair consideration, even if the military court disposes of the issue summarily."); *Burke*, 684 F. App'x at 678 ("[I]n evaluating the 'full and fair consideration' standard governing constitutional claims, we deny claims that were briefed and argued before a military court, even if the result was summary dismissal.").

## IV. CONCLUSION

The Court finds that Petitioner has failed to meet his burden to show that his military review was "legally inadequate" to resolve his claims. *See Williams*, 671 F. App'x at 721 (citing *Watson*, 782 F.2d at 144 (quotation omitted)). Because the military courts fully and fairly reviewed all of Petitioner's claims, the petition for habeas corpus must be denied. Because Respondent's Answer and Return (Doc. 10) is titled "Answer and Return, or in the Alternative, Motion for Summary Judgment," the pleading was docketed again as a motion for summary judgment at Doc. 11. In light of the Court's denial of the petition, any request for summary judgment is moot and therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Amend (Doc. 12) is **granted.**

**IT IS FURTHER ORDERED** that the petition for habeas corpus is **denied.**

**IT IS FURTHER ORDERED** that Respondent's motion, in the alternative, for summary judgment (Doc. 11) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated January 31, 2020, in Kansas City, Kansas.**

s/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**